IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mehmood Qureshi, Jawad Ansari, and All Others Similarly Situated<br>　　　Plaintiffs,<br><br>v.<br><br>King Fuels, Inc., ZRN, LLC, Zaki Niazi, Mohammed Naeem Niazi, Mohammed Razi Niazi and Saud Zaki Niazi<br>　　　Defendants. | Civil Action<br>File No. 4:19-cv-<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COME Mehmood Qureshi and Jawad Ansari ("Plaintiffs"), and all others similarly situated, and complain of Defendants King Fuels, Inc., ZRN, LLC, Zaki Niazi, Mohammed Naeem Niazi, Mohammed Razi Niazi and Saud Zaki Niazi ("Defendants"), and for cause of action respectfully show the following:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiffs and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid wages, including overtime wages, from the Defendants.

2. The Defendants own, control and operate multiple gasoline stations / convenience stores in the Houston and surrounding areas ("Gas Stations").

3. In violation of the FLSA, Defendants failed to pay Plaintiffs and Members of the Plaintiff Class some of their wages. Plaintiffs and Members of the Plaintiff Class routinely worked in excess of 40 hours a week at Defendants' request, yet did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). Additionally, Defendants required Plaintiffs and

1

Members of the Plaintiff Class to routinely work some hours each week off-the-clock, and Defendants failed to pay any wages for these hours. Under a uniform and pervasive enterprise-wide policy, the Defendants require their employees to work off-the-clock hours and overtime hours without paying the full wages owed.

4. Thus, this action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiffs and to Members of the Plaintiff Class. Defendants are well aware of the pay requirements of the FLSA and have nonetheless purposefully failed to comply with these requirements.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Plaintiffs file this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, **Mehmood Qureshi**, is a resident of Harris County, Texas. Plaintiff was an hourly employee who worked at one of Defendants' Gas Stations as a clerk.

8. Plaintiff, **Jawad Ansari**, is a resident of Brazoria County, Texas. Plaintiff was an hourly employee who worked at one of Defendants' Gas Stations as a clerk.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more Gas Stations during the relevant period.

10. Defendant, **King Fuels, Inc.,** is a Texas corporation that may be served with summons and complaint by serving its duly appointed director, Mr. Zaki Niazi, at 8118 Michaels Crest Lane, Humble, Texas 77396-1563, or at any other address where he may be found. This

Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

11. Defendant, **ZRN, LLC**, is a Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Zaki Niazi, at 8118 Michaels Crest Lane, Humble, Texas 77396-1563, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, this Defendant is engaged in business in Texas.

12. Defendant, **Zaki Niazi**, is an individual who may be served with summons and complaint at his residence located at 8118 Michaels Crest Lane, Humble, Texas 77396-1563, or at any other address where he may be found. This Defendant, along with the other named individual Defendants, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Zaki Niazi is personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

13. Defendant, **Mohammed Naeem Niazi**, is an individual who may be served with summons and complaint at his residence located at 19019 Aquatic Drive, Humble, Texas 77346-8029, or at any other address where he may be found. This Defendant, along with the other named individual Defendants, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Mohammed Naeem Niazi is

personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

14. Defendant, **Mohammed Razi Niazi**, is an individual who may be served with summons and complaint at his residence located at 16007 Fawn Vista, Humble, Texas 77068-1449, or at any other address where he may be found. This Defendant, along with the other named individual Defendants, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Mohammed Razi Niazi is personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

15. Defendant, **Saud Zaki Niazi**, is an individual who may be served with summons and complaint at his residence located at 9615 Brawley Creek Lane, Humble, Texas 77396-4796, or at any other address where he may be found. This Defendant, along with the other named individual Defendants, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Saud Zaki Niazi is personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

16. Whenever this complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

# IV.
# FLSA Coverage

17. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing date of this action (i.e., September 9, 2016), and continuing thereafter until time of trial and judgment.

18. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

19. At all material times, each Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

20. At all material times, Defendants and their Gas Stations were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

21. Defendants and their Gas Stations were, at all material times, an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

22. At all material times, Defendants and their Gas Stations were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Further, during each year within the relevant period, Defendants and their Gas Stations have (had) annual gross business volume in excess of the statutory standard.

24. At all material times, each Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

# V.
## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs seek certification of this case as a collective action pursuant to 29 U.S.C. § 216(b). *See also, Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

26. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

27. Collective action certification is therefore appropriate for all Gas Station clerks during the relevant period. Plaintiffs seek notice to issue to all non-exempt employees of the Defendants who were victims of Defendants' widespread and pervasive violations of the FLSA.

28. Each Plaintiff worked overtime hours for which he received straight-time pay, and further did not receive any wages for hours he worked off-the-clock.

29. Defendants' wide-spread policy and practice violated the FLSA because it allows for non-payment of their employees' overtime hours at the required premium overtime pay rate, and in some instances, no pay at all. *See* 29 U.S.C. §207(a)(1) and §206.

30. By failing to document and preserve a record of all hours Plaintiffs and Members of the Plaintiff Class worked on a weekly basis, the Defendants also committed repeated and willful violations of the FLSA's recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c);

29 C.F.R. §516. 29; and C.F.R. §516.27.

31. During the class period, the Defendants owned, controlled and operated the Gas Stations, and they set an identical pay policy shared by all of their Gas Stations.

32. The common policy of paying straight-time wages for overtime hours worked (or not paying any wages for off-the-clock hours worked) by employees is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

33. Members of the Plaintiff Class (including Messrs. Qureshi and Ansari) were and continue to be victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

34. Plaintiffs' experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime and off-the-clock violations; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of the above stated legal nexus binding them together as a class.

35. Further, although the amount of damages may vary among Members of the Plaintiff Class and the Plaintiffs, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action pursuant to 29 U.S.C. § 216(b).

36. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime compensation for hours worked in excess of 40 in one or more workweek (or to whom Defendants failed to pay wages for hours worked off-the-clock), are similarly situated to Plaintiffs, and are thus appropriate members of the Plaintiff Class.

37. All current and former non-exempt employees employed by the business establishments the Defendants owned, controlled and/or operated, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

38. Thus, the two opt-in classes Plaintiffs seek to represent includes <u>all clerks and similarly employed workers who worked or currently work at any Gas Station, and who were paid at a straight-time rate for hours worked in excess of forty in any workweek during the period of August 20, 2016, through the present (and/or who worked off-the-clock without pay during any part of this period)</u>.

39. Individuals who opt into the collective action will be added to the litigation, and their written consents to join the collective action will be filed with the Court.

## VI.
### FACTS

*<u>Mr. Qureshi's employment with the Defendants</u>.*

40. Defendants employed Mr. Qureshi as a clerk at one of their Gas Stations from September 19, 2018, until August 20, 2019.

41. From September 19, 2018, until January 30, 2019, Mr. Qureshi was paid at an hourly rate of $12.00, and was paid overtime at the rate of $18.00 per hour.

42. Beginning on February 1, 2019, and ending on his last day of employment, August 20, 2019, Defendants changed their pay policy and began paying Mr. Qureshi a bi-weekly salary of $1,615.39, with no overtime pay despite Mr. Qureshi continuing to work overtime and despite no change in Mr. Qureshi's work duties as a clerk.

43. Additionally, from September 19, 2018, until August 20, 2019, Mr. Qureshi was required to work 4 to 5 hours a week, off-the-clock, for which he received no pay.

44. Further, for the last two-week pay period when Mr. Qureshi was paid on an hourly basis before Defendants illegally transitioned him to a salaried employee, he received no overtime pay despite having earned such pay.

45. As a clerk, Mr. Qureshi's job duties included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep of the premises.

46. Throughout his employment, Mr. Qureshi was scheduled to work the morning shift from 8:00 a.m. until 5:00 p.m., 7 days a week. However, in addition to these scheduled hours, the Defendants required Mr. Qureshi to continue to work after clocking out on an almost daily basis.

47. Thus, the Defendants required Ms. Qureshi to work overtime hours on a salary during the abovementioned workweeks, and he was not paid for these overtime hours at the proper premium hourly rate. Similarly, throughout his employment, the Defendants required Ms. Qureshi to work off-the-clock and failed to pay him for such time worked.

*Mr. Ansari's employment with the Defendants*.

48. Defendants employed Mr. Ansari as a clerk at one of their Gas Stations from September 19, 2018, until June 29, 2019.

49. From September 19, 2018, until January 30, 2019, Mr. Ansari was paid at an hourly rate of $11.50, and was paid overtime at the rate of $17.25 per hour.

50. Beginning on February 1, 2019, and ending on his last day of employment, June 29, 2019, Defendants changed their pay policy and began paying Mr. Ansari a bi-weekly salary of $1,292.31, with no overtime pay despite Mr. Ansari continuing to work overtime and despite no change in Mr. Ansari's work duties as a clerk.

51. Additionally, from September 19, 2018, until June 29, 2019, Mr. Ansari was required to work 2 to 3 hours a week, off-the-clock, for which he received no pay.

52. Further, for the last two-week pay period when Mr. Ansari was paid on an hourly basis before Defendants illegally transitioned him to a salaried employee, he received no overtime pay despite having earned such pay.

53. As a clerk, Mr. Ansari's job duties included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep of the premises.

54. Throughout his employment, Mr. Ansari was scheduled to work the evening shift from 4:00 p.m. until 12:00 a.m., 7 days a week. However, in addition to these scheduled hours, the Defendants required Mr. Ansari to continue to work after clocking out on an almost daily basis.

55. Thus, the Defendants required Ms. Ansari to work overtime hours on a salary during the abovementioned workweeks, and he was not paid for these overtime hours at the proper premium hourly rate. Similarly, throughout his employment, the Defendants required Ms. Ansari to work off-the-clock and failed to pay him for such time worked.

*The employment of Members of the Plaintiff Class with the Defendants*.

56. All Members of the Plaintiff Class seeking to join the collective action were not paid their overtime wages because of Defendants' wide-spread policy of paying their hourly employees a salary beginning on February 1, 2019.

57. Defendants also failed to pay Members of the Plaintiff Class wages for hours they were required to work off-the-clock.

58. Defendants controlled all terms and conditions of employment, including decisions to pay some but not all wages due (i.e., non-payment of overtime wages and off-the-clock work); each employee's hourly pay rate or bi-weekly salary rate; the number of hours each employee worked during each workweek; and the operation and management of the Gas Stations where Plaintiffs and Members of the Plaintiff Class worked.

59. The Defendants together own(ed), control(led) and/or operate(d) the business establishments where Plaintiffs and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of these businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**<u>Violation of the FLSA –</u>**
**<u>Failure to pay wages to Plaintiffs and all others similarly situated</u>**

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. Plaintiffs and Members of the Plaintiff Class are non-exempt employees – that is, they are entitled to receive overtime wages pursuant to the FLSA for all hours they worked in excess of 40 during each seven-day workweek.

62. During a part or all of their employment with the Defendants, Plaintiffs and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer without receiving overtime pay for these overtime hours.

63. Defendants' practice of paying some but not all overtime wages to Plaintiffs and to Members of the Plaintiff Class violates the FLSA. See, 29 U.S.C. § 207.

64. Further, Defendants' practice of not paying Plaintiffs and Members of the Plaintiff Class their wages for off-the-clock hours worked violates the FLSA. See, 29 U.S.C. §§ 206, 207.

65. Because Defendants have a wide-spread policy and practice of not paying employees' overtime and off-the-clock wages, the Defendants and the businesses they controlled committed repeated, continuing, and willful violations of 29 U.S.C. § 201, *et seq*. Defendants knowingly committed these violations of the FLSA.

66. Plaintiffs and Members of the Plaintiff Class now sue for all unpaid overtime wages and unpaid off-the-clock wages falling within the three-year period preceding the filing of this

civil action, and continuing thereafter until time of jury verdict and judgment.

67. Plaintiffs and Members of the Plaintiff Class also seek liquidated damages in amounts equaling all of their unpaid wages.

68. Plaintiffs and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

69. Plaintiffs and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

70. Plaintiffs and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs Mehmood Qureshi and Jawad Ansari, and Members of the Plaintiff Class, respectfully request that upon final hearing the Honorable Court grant relief and enter final judgment against Defendants King Fuels, Inc., ZRN, LLC, Zaki Niazi, Mohammed Naeem Niazi, Mohammed Razi Niazi and Saud Zaki Niazi, jointly and severally, as follows:

 a. Authorize issuance of notice to all individuals falling within the classes as defined in Paragraph 28, informing them of their right to participate in this lawsuit;

 b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs and Members of the Plaintiff Class their overtime wages;

 c. Declare the Defendants violated 29 U.S.C. §§ 206 and 207 by failing to pay Plaintiffs and Members of the Plaintiff Class their wages for hours worked off-the-clock;

 d. Declare the Defendants' violations of the FLSA are willful;

e. Order Defendants to pay all overtime wages owed to Plaintiffs and to Members of the Plaintiff Class;

f. Order Defendants to pay all wages owed to Plaintiffs and to Members of the Plaintiff Class resulting from Defendants' requirement to have their employees work off-the-clock without any pay;

g. Order Defendants to pay liquidated damages to Plaintiffs and to Members of the Plaintiff Class in an amount equaling all unpaid wages;

h. In accordance with 29 U.S.C. §216(b), order the Defendants to pay reasonable attorney's fees and costs that Plaintiffs and Members of the Plaintiff Class necessarily incurred prosecuting this civil action;

i. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed against the Defendants, including attorney fees and costs; and,

j. Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Mehmood Qureshi
and Jawad Ansari, and
Members of the Plaintiff Class**